UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

JIM G. LOVE,                                                Case No. 06-30968-dof
                                                           Chapter 13 Proceeding
          Debtor.                                          Hon. Daniel S. Opperman

_____/

Opinion Regarding GreenStone Farm Credit Services, ACA's
Objection to Trustee's Notice of Completion

Facts and Procedural Background

On April 29, 2002, Jim Love ("Debtor") and his wife, Debra Love, executed a Promissory Note/Loan Agreement ("Agreement") and Security Agreements in favor of GreenStone Farm Credit Services, ACA ("Creditor"). Under the terms of the Agreement, Debtor agreed to repay Creditor a total of $36,300.00, payable in installments of $9,075.00, beginning on April 1, 2004, and continuing annually thereafter with the final installment of the unpaid principal due on the April 1, 2007, maturity date. Pursuant to the terms of the Security Agreements, Creditor was given security interests in machinery, equipment, livestock and poultry, crops, accounts, and other collateral.

The Debtor filed his chapter 13 bankruptcy petition on May 20, 2006. Debtor's wife, Debra Love, did not file a bankruptcy petition. On the petition date, the Debtor and his wife were indebted to Creditor in the amount of $29,724.00 (plus interest, fees, and costs).

The Debtor filed his proposed Chapter 13 Plan, as amended, on October 22, 2006. The proposed Plan provided the following with regard to Creditor's claim:

> GreenStone Farm Credit Services, ACA (Greenstone) is a fully secured lien creditor and is presently owed approximately $26,000.00, plus interest, costs and fees accruing. GreenStone shall be paid in full at its contract interest rate (currently 8.75%). The debt is more fully set forth in the Proof of Claim. This is a fully secured loan secured by machinery and equipment, crops, general intangibles, livestock and poultry and other collateral. (Some GreenStone collateral was liquidated pre-petition with net proceeds applied to the then existing debt). The fair market value of the collateral is set forth in the Secured Claims section above. GreenStone has a first lien on those items. GreenStone has a second lien on other machinery and equipment, including a tractor and haybine,

1

secured by Case Credit, and a skidsteer, secured by John Deere Credit. To the extent Greenstone is not a fully secured creditor, and unsecured indebtedness shall be paid in full with interest. The reason for this special treatment is that the claim is one on which an individual other than the debtor is also liable or has pledged his/her own property. The escrowed funds have been set off and applied against GreenStone debt previously, leaving the current balance of approximately $26,000.00. GreenStone is granted a post-petition after-acquired lien on crops and collateral of the same nature and type as it held pre-petition. The debt shall be paid in full with interest at the applicable contract rate. Greenstone retains its liens. Payments to GreenStone will be made monthly on a pro-rata basis as other claims within the same class. In addition, the trustee shall pay to GreenStone 100% if the proceeds from the debtor's sale of hay, alfalfa, or other crops until the claim of Greenstone is satisfied in full.

The Debtor's Plan was confirmed by Order of the Court on January 22, 2007.

On September 26, 2011, the Debtor filed a Corrected Chapter 13 Post-Confirmation Plan Modification. The attached Notice of Proposed Modification of Chapter 13 Plan stated, with regard to the purpose of the plan modification: "The Debtor proposes to modify his plan to account for shortfalls in actual tax refunds paid to the trustee and adjust the plan base balance accordingly." In addition to that stated modification, in the "Other Secured Claims" section, the proposed modified Plan indicated that the balance of the Creditor's allowed secured claim as of September 14, 2011, per the Trustee's records, was $2,230.57 and the total amount that would be paid on that claim during the remainder of the plan would be $2,088.22. The Plan also stated:

> The Debtor has stated the value of the collateral as listed above. If a secured creditor claims a different value, or different interest rate, then that creditor **MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN, AND THE VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING**. Failure to timely object to the confirmation of this Plan shall be deemed to be an acceptance of this Plan's statement of collateral value and interest rate. This is notice that the Confirmation Hearing shall include a hearing pursuant to F.R. BANKR.P.3012 VALUING YOUR SECURED CLAIM.

The Notice of Proposed Modification of Chapter 13 Plan did not indicate that there had been any modification relating to Creditor's claim. No objections were filed with regard to the proposed plan modification, and, on October 17, 2011, Debtor filed a Certification of Non-Response.

On March 6, 2012, the Trustee filed the Chapter 13 Trustee's Notice of Completion of Plan Payments. On March 26, 2012, Creditor filed its Objection to Trustee's Notice of Completion of Plan Payments and Request for Extension or Delay of Discharge Date. The

Debtor filed his Response to Creditor's Objection on March 28, 2012. The Court held a hearing on April 17, 2012, and adjourned the hearing to June 13, 2012, to allow additional time for the parties to put together an accounting of amounts paid and amounts that remain owing. On June 5, 2012, Creditor filed a Memorandum in Support of its Objection, which included an attached payment figures spreadsheet compiled from the Trustee's payment log and the 2007-2011 annual statements from the Debtor's account. On June 7, 2012, Creditor filed a Brief in Support of its Objection. On June 8, 2012, Creditor filed an Objection to Confirmation of Debtor's Amended Plan. The Court held the adjourned hearing on June 13, 2012, and took the matter under advisement.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (K), and (L) (matters concerning the administration of the estate), (determinations as to the dischargeability of particular debts), (determinations of the validity, extent or priority of liens), and (confirmations of plans).

## Arguments

Creditor argues that: (1) due to misleading nature of the Notice of Proposed Modification of Chapter 13 Plan, it was not given adequate notice that the modified Plan changed the treatment of its claim and, therefore, the portions of the modified Plan relating to its claim are not binding; (2) $2,737.34 remains owing on its claim, plus attorney fees and costs accrued and accruing, and that those amounts are not discharged and will remain owning subsequent to the dismissal of this case; (3) it is entitled to pursue collection of the amounts remaining owing from the co-obligor on the debt, Debra Love. The Debtor replies that: (1) the modified Plan did not change the treatment of Creditor's claim and the modified Plan was deemed confirmed when the Certificate of Non-Response was entered by the Court, (2) pursuant to the Trustee's records, Creditor's claim was paid in full, and (3) because the debt owed to Creditor has been paid in full, the debt should be discharged not only as to Debtor, but also as to Debra Love.

<u>Analysis</u>

A. <u>Whether the Notice of Proposed Modification of Chapter 13 Plan Was Misleading</u>

A motion to modify a confirmed Chapter 13 plan is governed by 11 U.S.C. § 1329, which

provides, in part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>
> > (1) Increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2) Extend or reduce the time for such payments;
> >
> > (3) Alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.
>
> *       *       *
>
> (b) (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under section (a) of this section.
>
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

A motion to modify a confirmed Chapter 13 plan is also governed by Rule 3015(g) of the

Federal Rules of Bankruptcy Procedure. Rule 3015 provides, in pertinent part:

> (g) Modification of Plan After Confirmation. A request to modify a plan pursuant to § 1229 or § 1329 of the Code shall identify the proponent and shall be filed together with the proposed modification. The clerk, or some other person as the court may direct, shall give the debtor, the trustee, and all creditors not less than 21 days notice by mail of the time fixed for filing objections and, if an objection is filed, the hearing to consider the proposed modification, unless the court orders otherwise with respect to creditors who are not affected by the proposed modification. A copy of the notice shall be transmitted to the United States trustee. A copy of the proposed modification, or a summary thereof, shall be included with the notice. If required by the court, the proponent shall furnish a sufficient number of copies of the proposed modification, or a summary thereof, to enable the clerk to include a copy with each notice. Any objection to the proposed modification shall be filed and served on the debtor, the trustee, and any

4

other entity designated by the court, and shall be transmitted to the United States trustee. Any objection to a proposed modification is governed by Rule 9014.

In the present case, the Notice of Proposed Modification of Chapter 13 Plan stated only that: "The Debtor proposes to modify his plan to account for shortfalls in actual tax refunds paid to the trustee and adjust the plan base balance accordingly." There was no indication that Debtor was seeking to modify any other provisions of the confirmed Chapter 13 Plan or that there would be any changes made with regard to the treatment of any claims. Although it might have been prudent for any party who received that Notice to look at the attached modified plan to ensure that there was nothing objectionable, the Notice given here was simply inadequate to put Creditor, or any other party, on notice that there were any modifications other than the one stated. In this scenario, more was required than what was provided to put Creditor on notice that Debtor had modified the plan provision relating to Creditor's claim.

It should be noted that the modified plan did not expressly change the treatment of Creditor's claim. Pursuant to the terms of the confirmed Chapter 13 Plan, Creditor was meant to be paid in full. In the "Other Secured Claims" section of the modified plan, the proposed modified Plan indicated that the balance of the Creditor's allowed secured claim as of September 14, 2011, per the Trustee's records, was $2,230.57 and the total principal amount that would be paid on that claim during the remainder of the plan would be $2,088.22. The Debtor simply changed the provisions relating to Creditor's claim to articulate the amounts he believed were remaining owing on Creditor's claim in order to pay it in full based on the Trustee's records. As noted, however, Creditor argues that $2,737.34 currently remains owing on its claim, plus attorney fees and costs accrued and accruing. The Debtor argues that Creditor has been paid in full. The Debtor also argues that Creditor did not object to the modified Chapter 13 Plan, that the modified Chapter 13 Plan became the operative plan when the Certificate of Non-Response was filed, and that Creditor was paid the amounts set forth in the modified Plan.

Pursuant to E.D. Mich. LBR 3015-1(b), a plan modification becomes "effective when the proponent files a certification that no timely objection was filed or when the court enters an order overruling or resolving all objections." The "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). The parties are bound by the terms of the confirmed plan, including the values assigned to

5

collateral and the amount of payment to be received. 11 U.S.C. § 1327; *In re Wellman*, 322 B.R. 298, 301 (6th Cir. BAP 2004). In this case, there were no objections filed with regard to the modified Chapter 13 Plan and a Certificate of Non-Response was filed, making the plan modification effective. However, the Court has concluded that Creditor was not given proper notice of the modification to the treatment of its claim due to the insufficient description of the proposed modifications. Therefore, the Creditor is not bound by the provision in the modified Plan indicating that the amount owed on Creditor's claim, as of September 14, 2011, per the Trustee's records, was $2,230.57 and the total principal amount that would be paid on that claim during the remainder of the plan would be $2,088.22.

The Court will next consider whether there is any amount remaining owing on Creditor's claim.

B. <u>What Amount, If Any, Remains Owing on Creditor's Claim</u>

As noted, Debtor intended at all times that Creditor's claim would be paid in full. Creditor argues that $2,737.34 remains owing on its claim, plus accrued attorney fees of $7,382.56, plus attorney fees and costs accruing. The Debtor argues that, pursuant to the Trustee's records, Creditor has been paid in full on its claim.

The Court has reviewed the materials provided by the parties, including the Trustee's payment log, the 2007-2011 annual statements from Debtor's account, and the payment figures spreadsheet Creditor attached to its Memorandum in support of its Objection. The total amount that was to be paid on Creditor's claim was $29,724.00. Based on the Court's calculations, the total amount paid during the course of the plan period by the Trustee to Creditor was $27,289.57, which included principal payments in the amount of $20,548.32 and interest payments in the amount of $6,741.25. Accordingly, per the Court's math, $2,434.43 remains owing on Creditor's claim (total amount owed on Creditor's claim of $29,724.00 – total payments made during the plan period of $27,289.57 = $2,434.43). This end figure differs from Creditor's end figure on its payment figures spreadsheet (which was $2,737.34). The Court reconciles the difference in those figures by Creditor failing to transfer over two payments from the Trustee's payment log to its payment figures spreadsheet: the 6/29/2007 payment of $250.96 and the 3/2/2009 payment of $51.95. Taking into account those two payments, the total amount remaining owing on Creditor's claim equals $2,434.43.

6

Accordingly, unless Creditor presents additional evidence that the Court's calculation is incorrect within 14 days of the date of this Opinion, the Court concludes that Creditor's claim has not been paid in full and that $2,434.43 remains owing on Creditor's claim. With regard to the attorney fees, the Court directs Creditor's counsel to present a bill of costs within 14 days of the date of this Opinion. The Debtor shall then have 14 days to object to Creditor's bill of costs.

C. Whether Creditor Is Entitled to Pursue Collection Against Co-Obligor, Debra Love

Creditor argues that it is entitled to pursue collection of the amounts remaining owing from the co-obligor on the debt, Debra Love. Debtor argues that, once the debt owed to Creditor has been paid in full, the debt should be discharged not only as to Debtor, but also as to Debra Love. Since Debra Love is not a debtor in this case, the Court does not have jurisdiction over her. If, after this case is closed, Creditor pursues collection against Debra Love for any amounts that were not discharged in Debtor's bankruptcy case and that remain owing, it will properly be within the state court's jurisdiction to determine whether any discharge Debtor receives in this case has any effect on Debra Love's obligations to Creditor.

Conclusion

Accordingly, the Court concludes that (1) the Notice of Proposed Plan Modification was misleading and the provisions of that plan relating to Creditor's claim are not binding on Creditor; (2) Creditor's claim has not been paid in full and that $2,434.43 remains owing on Creditor's claim. Counsel for Creditor shall present an appropriate order.
.

**Signed on September 27, 2012**

        **/s/ Daniel S. Opperman**
        **Daniel S. Opperman**
        **United States Bankruptcy Judge**